UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**MICHAEL WHITE, a Texas resident**

   **Plaintiff,** § 
          §
 **v.**          §
           §
**HARLEY-DAVISON MOTOR**  § **CIVIL ACTION NO. _____**
**COMPANY, INC., a Wisconsin**  §
**corporation**        §
           §
   **Defendant.**    § **JURY DEMAND**
           §
           §
           §

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Michael White, Plaintiff, brings the following claims against Defendant and respectfully states:

## PARTIES

2. Plaintiff, Michael White is a Texas resident who resides at 25718 Serene Springs Lane, Spring, Harris County, Texas, which is his true, fixed and permanent home.

3. Defendant, Harley-Davidson Motor Company, Inc. ("Harley-Davidson") is a foreign corporation incorporated in the state of Wisconsin with its principal place of business located at 3700 Juneau Ave, Milwaukee, Wisconsin 53208, which is registered to do business in Texas. Harley-Davidson is and, at all relevant times, was doing business in the State of Texas by selling and distributing trikes through a chain of distribution which sold many thousands of trikes in Texas, including the trike involved in the subject occurrence. This Defendant can be served via its registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332(a) because this controversy is between citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is proper in this judicial district pursuant to 13 U.S.C. §1391, et seq. because all or a substantial part of the events giving rise to the subject claims occurred within this District.

6. Venue is proper and convenient in this Division of the Southern District of Texas because the subject accident happened in Grimes County, Texas, which is within this Division. The subject product at issue in this matter was sold within this Division, and the Plaintiff resides in this Division. Therefore, the residents of this District and division have a significant interest in the outcome of this case.

7. Defendant is subject to specific jurisdiction in this Court because they have purposefully availed themselves of the privilege of doing business in Texas by targeting the subject trike for sale in Texas, including within this District and Division. *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021). The subject trike reached Texas while in the stream of commerce and caused injury to Plaintiff in Texas. Harley-Davidson also engaged in a marketing and distribution campaign targeting citizens of Texas, this District, and this Division for advertisements promoting the sale and use of the subject model trike in Texas. Harley-Davidson, using an orchestrated dealer network, created a system for sales, warranty service, and other customer support in Texas which further targeted Texas as a market for the subject trike. Through these activities, and other similar related activities, Defendant purposefully availed itself of the right to do business in Texas. The subject claims arise from or relate to the Defendant's efforts to target Texas. Specific jurisdiction is proper over the Defendant in Texas.

## FACTS

8. On July 8, 2021, Michael White ("White") purchased a 2021 Harley-Davidson Tri-Glide Ultra Classic-FLHTCUTG (VIN:1HD1MAF10MB855322) Trike from Harley-Davidson of The Woodlands. White was an experienced operator who previously owned numerous motorcycles and a Harley-Davidson trike. The subject trike was designed, manufactured and marketed by Harley-Davidson Motor Company, Inc.

9. On December 5, 2021, White was operating the subject trike on Farm to Market Road 3090 in Grimes County, Texas when suddenly and without warning the trike rear wheel brake inappropriately engaged, the trike abruptly turned to the right and then went off the road. The trike motorcycle then rolled over several times and landed on top of White. Bystanders were able to lift the trike off Mr. White suffered a paralyzing injury which has left him a quadriplegic.

**STRICT LIABILITY CAUSE OF ACTION – DESIGN AND MANUFACTURING DEFECT AGAINST HARLEY-DAVIDSON MOTOR COMPANY, INC.**

10. Plaintiff adopts and re-alleges each paragraph set forth above.

11. At all times material to this action, Defendant Harley-Davidson Motor Company, Inc. was the designer and manufacturer of the 2021 Harley-Davidson Tri-Glide Ultra Classic-FLHTCUTG involved in the subject accident.

12. The 2021 Harley-Davidson Tri-Glide Ultra Classic-FLHTCUTG was unreasonably dangerous and defective because the software and hardware comprising the rear wheel brake system was prone to activate the rear wheel brakes without input from the rider. This unintended activation of one of the rear brakes can result in an unexpected change in the motorcycle's direction and cause catastrophic incidents such as occurred herein.

13. There were safer available alternative designs for the 2021 Harley-Davidson Tri-Glide Ultra Classic-FLHTCUTG, which were economically and technologically feasible at the time the subject trike was designed and manufactured which would have substantially reduced or eliminated the likelihood of the subject incident and Mr. White's serious injuries.

14. The design and manufacturing defects present in the 2021 Harley-Davidson Tri-Glide Ultra Classic-FLHTCUTG alleged herein were a producing of Plaintiff's damages alleged herein.

## NEGLIGENCE CAUSE OF ACTION AGAINST HARLEY-DAVIDSON MOTOR COMPANY, INC.

15. Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

16. Harley-Davidson Motor Company, Inc. had a duty to exercise reasonable care in the design, manufacture, assembly, testing, distribution, and marketing of the 2021 Harley-Davidson Tri-Glide Ultra Classic-FLHTCUTG.

17. Harley-Davidson Motor Company, Inc. breached its duty and was negligent when it designed and manufactured the 2021 Harley-Davidson Tri-Glide Ultra Classic-FLHTCUTG. The subject trike's traction control system was improperly designed and manufactured. Harley-Davidson Motor Company, Inc. breached its duty and was negligent when it designed, manufactured, and supplied the subject trike.

18. Harley-Davidson Motor Company, Inc. knew, or, in the exercise of reasonable care should have known, that the subject trike's traction control system was improperly designed and manufactured which would create an unreasonable risk of harm for those persons likely to use the trike for the purpose and in the manner for which it was intended to be used. Defendant's failure

4

to adequately plan, test, design, and manufacture the subject trike to prevent accidents such as the one made the subject of this suit was negligent.

19. Defendant's negligent acts and omissions were a proximate cause of the Plaintiff's damages alleged herein.

## DAMAGES

20. Plaintiff adopts and re-alleges each paragraph set forth above as if fully set forth herein.

21. Plaintiff suffered severe and permanent injuries for which he seeks damages, including:

    a. Medical expenses in the past and future;

    b. Physical pain and mental anguish in the past and future;

    c. Physical impairment in the past and future;

    d. Disfigurement in the past and future;

    e. Pecuniary loss, including medical expenses, in the past and future; and,

    f. Lost earning capacity in the past and future.

22. The Defendant's negligent acts, omissions, and product defects were the producing and/or proximate cause of these actual damages to Plaintiff.

## GROSS NEGLIGENCE CAUSE OF ACTION

23. Plaintiff repeats and re-alleges, as if fully set forth herein, each and every allegation contained in the above paragraphs and further alleges:

24. Defendant's conduct complained of above constitutes gross negligence. Defendant's conduct, when viewed objectively from the standpoint of the actor at the time of its

occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant's conduct constitutes willful and wanton disregard for the rights and safety of others, including Plaintiff.

## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

25. Plaintiff herein claims interest at the maximum legal rate.

## JURY DEMAND AND PRAYER

26. Plaintiff requests that a jury be convened to try the factual issues of this case.

27. Plaintiff prays that judgment be entered in their favor against Defendants, jointly and severally, for all damages, as requested herein, the costs of bringing this action, for prejudgment and post-judgment interest at the maximum legal rate, and for such other relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

/s/ Jeffrey T. Embry
Jeffrey T. Embry
Texas Bar Number: 24002052
Federal ID: 25070
**HOSSLEY & EMBRY, LLP**
515 S. Vine Ave.
Tyler, Texas 75702
Telephone No. 903-526-1772
Telecopier No. 903-526-1773
jeff@hossleyembry.com


Matt Montgomery
Texas Bar Number: 24041509
Federal ID: 3750575
**HOSSLEY & EMBRY, LLP**
14241 Dallas Pkwy, Suite 240
Dallas, Texas 75254
Telephone No. 214-390-2349
matt@hossleyembry.com

AND


Mark T. Murray
Texas Bar Number: 14724810
Federal ID: 13521
**STEVENSON & MURRAY**
24 Greenway Plaza, Suite 750
Houston, Texas 77046
Telephone No. 713-622-3223
Telecopier No. 713-622-3224
mmurray@murraystevenson.com

**COUNSEL FOR PLAINTIFF**